## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

EUFROSINA DIACONU,                        )
   Plaintiff/Class Agent, <u>Pro Se</u>.   )
                                          )
                                          )
         v.                           )   TOXIC TORT & MALPRACTICE
                                          )
                                          )   **CLASS ACTION** Case No.**07-01358**
ROBERT GATES,                             )                  **(EGS)**
   Secretary of Defense.                  )
U.S. DEPARTMENT OF DEFENSE                 )
     and                                )
STEVE JOHNSTON,                           )
   Administrator.                         )
U.S. ENVIRONMENTAL PROTECTION AGENCY)
         Defendants.            )

### <u>BY CERTIFIED MAIL RECEIPT 7007 0220 0000 8733 4269</u>

### PLAINTIFF/CLASS AGENT MOTION FOR CONTINUATION

And now, upon receiving on 01.08.2008 defendants's 01.04.2008 MOTION TO DISMISS, Plaintiff/Class Agent, <u>pro se</u> moves THIS court for continuation until such time that (i) THIS court appointes a counsel to represent the members of the class which should include but not be limited only to the certification |emphasis added| of the instant case as a class <u>AND</u> (ii), until such time that either THIS court appoints a counsel to represent DIACONU or the DOJ actually monetarly compensates the plaintiff for her total and permanently neurological disability. In this respect on 01.07.2008 Plaintiff/Class Agent, <u>pro se</u>, by certified mail receipt 7006 2150 0003 4214 8133 filed two motions: One was PLAINTIFF/CLASS AGENT COMBINED REQUEST TO ADMIT THE CLASS AND TO APPOINT A COUNSEL TO REPRESENT THE CLASS; the second motion was PLAINTIFF'S COMBINED REQUEST FOR COURT APPOINTED COUNSEL AND EXTENDED TIME.

Genuinely believing that THIS court has no reason to deny Plaintiff's request for extended time, Plaintiff, <u>pro se</u>, timely files the instant motion on this day of 01.18.2008, which is

# RECEIVED

JAN 2 2 2008

*I*

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

within 15 calendar days from the date, 01.08.2008, plaintiff received Defendant's Motion To Dismiss.

Although a comprehensive response in opposition to the DEFENDANT'S MOTION TO DISMISS is to be prepared in the future by a qualified toxic tort & malpractice lawyer(s) as pertains to the Plaintiff's 2006 diagnosis of having cancer <u>AND</u> as pertains to the members of the class who were/are citizens residing in the State of Delaware, State of New Jersey, State of Maryland and Philadelphia/suburbs of, Commonwealth of Pennsylvania, at this time Plaintiff, <u>pro se</u> wants the records to show that:

1.  Pursuant OVERNIGHT EXPRESS MAIL EB 150012066 US <u>EXHIBIT # 1</u>, with cover letter addressed to W.J. HAYNES, General Counsel, Office of General Counsel, DoD, and pursuant OVERNIGHT EXPRESS MAIL EB 462571159 <u>EXHIBIT # 2</u>, with a cover letter addressed to The Hon. STEVE JOHNSTON, Administrator, U.S. EPA, on **March 13, 2007** the plaintiff served both defendants: DoD & EPA with a NOTICE OF INTENT TO FILE A CLASS ACTION TOXIC TORT COMPLAINT. Between March 13, 2007 until the instant case was actually filed, 07/25/2007, neither DoD nor EPA ever responded to the NOTICE.

2.  The DOJ's <u>EXHIBIT F</u> contains a copy of the cover letter DIACONU sent to W.J. HAYNES, General Counsel, Office of General Counsel, DoD dtd. 05/14/2007 and a copy of the actual CLAIM FOR DAMAGE, INJURY, OR DEATH with 2 exhibits filed on 05/14/2007. While a more professional presentation is to be made in the future by a lawyer, at this time suffices to enter into the record the following actual facts. **First.** The CLAIM is part of the DIACONU & BUTLER v. DLA & EPA Class Action Toxic Tort 98-06533 (Weiner) which IS STILL GOING ON: (a) Diaconu's claim for property damage and her claim for personal injury is yet to be adjudicated by the Fort. Dix Claims Office-see DOJ's <u>EXHIBIT G</u>, DECLARATION OF EDYTA CZERNIAK, Claims Adjudicator Fort Dix Installation Legal Office. (b) BUTLER, despite the fact that on appeal the 3rd. Circuit remanded her portion of the case to the lower court, she is yet to have her day in court.

**Second.** Plaintiff's $ 1,000,000. estimated claim for property damage and her $ 15,000,000. estimated claim for personal injury addresses only the damages subject to the Diaconu's portion of the DIACONU & BUTLER at supra. for which the MEDICAL REPORT prepared by MARTIN PIERETTI, D.O., MPH, CIME, Medical Director-WorkHealth, Board Certified Occupational & Environmental Medicine -EXHIBIT # 2 of the CLAIM FOR INJURY, supports the nexus between DIACONU's irreversible total & permanent neurological disability and other health injuries to her work exposure to ultrahazardous chemicals and materials, which were the same chemicals and materials for which the Pennsylvania EHB found DoD to be liable and for which in the early 2000 DoD compensated the City of Philadelphia, the Commonwealth and the PHA over $ 100,000,000. **Third.** The 5.14.2007 CLAIM IT HAS ABSOLUTELY NOTHING TO DO WITH PLAINTIFF'S CANCER. (i) Because despite her attempts to reopen DIACONU & BUTLER et supra as a class based on her 2006 discovered cancer, the newly appointed judge, The Hon. POLLAK, S.J. at the strong request from the U.S. Attorney's Office Philadelphia, denied Diaconu's request. (ii) Judge Pollak approved Diaconu to filed a new case on the cancer issue. **Forth.** WACHOVIA v. SMITH who was successfully argued by the DOJ before the U.S. Supreme Court, because both defendants, DoD and EPA are citizens of Washington DC has obligated DIACONU to file the instant case in the U.S. District Court For The District Court Of Columbia.

3. No longer a federal government civilian employee since May 1995 (over 12 years) the only legal option Plaintiff had for claiming cancer/health injury was by filing a toxic tort against those whose negligence caused her injury: DoD & EPA.

As stated in para. # 1 of this letter Plaintiff served both defendants: DoD & EPA with a NOTICE OF INTENT to file the instant case. None of them acknowledged nor responded to plaintiff's NOTICE. DoD also not only that never acknowledged nor responded to Plaintiff's 05.14.2007 $ 16,000,000. CLAIM FOR DAMAGE & INJURY but, conform DOJ EXHIBIT G kept it for 7 months, until 01.03.2008. THEREFORE, defendants are estopped from claiming subject matter

3

jurisdiction.

IN CONCLUSION, Plaintiff/Class Agent pro se prays that THIS court will grant the instant MOTION FOR CONTINUATION until such a time THIS court appointes a counsel to represent the members of the class and also, whichever comes first, a counsel is appointed to represent the plaintiff OR the DoD/DOJ monetarely compensates DIACONU as requested on her $ 16,000,000. CLAIM FOR DAMAGE & INJURY so, she can hire a lawyer to represent her. THANK YOU !

Respectfully submitted,

EUFROSINA DIACONU,
Plaintiff/Class Agent, Pro Se.
533 East Luray Street
Philadelphia, PA 19120

DIACONU v. DoD & U.S. EPA          Toxic Tort & Malpractice
                                   CLASS ACTION **No. 07-01358 (EGS)**


### CERTIFICATE OF SERVICE

The undersigning Plaintiff/Class Agent, <u>Pro Se</u> hereby certifies that a true and correct copy of the PLAINTIFF/CLASS AGENT'S MOTION FOR CONTINUATION with two (2) EXHIBITS was sent via first class U.S. mail on this day of 01.18.2008 to:

                    DAVID S. FISHBACK,
                       Assist. Director
                     Torts Branch (Environmental Torts)
                       Civil Division
                    United States Department of Justice
                    1331 Pennsylvania Ave. NW, Suite 800 South
                    Washington DC 20004


          EUFROSINA DIACONU,
             Plaintiff/Class Agent, <u>Pro Se.</u>

                              01·18-08

# RECEIVED

JAN 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EUFROSINA DIACONU**
533 East Luray Street
Philadelphia, PA 19120

**RE:** NOTICE OF INTENT TO FILE A TOXIC TORT CLASS ACTION COMPLAINT
IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

U.S. DEPARTMENT OF DEFENSE
ATTN.: Mr. **WILLIAM J. HAYNES,**
          General Counsel.
     Office of General Counsel
1600 Defense Pentagon                          March 13, 2007
Washington DC 20301

<u>BY OVERNIGHT EXPRESS MAIL EB 150012066 US</u>

Dear Mr. Haynes,

   I take no pleasure in informing you that on or immediately
after June 12, 2007 I will file against the Honorable ROBERT
GATES, Secretary of Defense a toxic tort class action complaint.

   Required by law, as ENCLOSURE, I am serving you with the
referenced notice.

   If you have any and in good faith question regarding this
matter, please, feel free to put it in writing; I will make every
effort to answer to any question you may have. However, as stated
in the last paragraph of the ENCLOSURE, I WILL NOT entertain any
dialog neither with DLA   or DSCP, nor with anyone from the U.S.
Department of Justice.

                      Sincerely yours,

                      EUFROSINA DIACONU

Encl.

**P.S.** For your perusal I am also sending you a courtesy copy with
4 enclosures, of the 2nd. motion I made for change in venue
of the 1998 toxic tort class action.

**EUFROSINA DIACONU**
533 East Luray Street
Philadelphia, PA 19120

## NOTICE OF INTENT TO FILE A CLASS ACTION TOXIC TORT COMPLAINT

TO:  SEE DISTRIBUTION

You are hereby notified that on or immediately after
**June 12, 2007** (90 calendar days from the date I am serving you
with this notice) I, EUFROSINA DIACONU, as plaintiff and class
agent, will file against you a class action toxic tort in the
U.S. District Court For The District Court Of Columbia. The
District Court Of Columbia is the correct venue on the ground
that, having your main office in Washington DC, you are a
resident of the District Of Columbia.

### PARTIES

EUFROSINA DIACONU, a white female, 65 years old naturalized
citizen, worked for the Department of Defense ("DoD") at its
component's field activity Defense Logistics Agency ("DLA") from
August 26, 1985 until May 05, 1995. At first as a civil engineer
technician (08/26/85 to 07/01/90) in Alameda, California and as
an environmental engineer GS 0819-11 Step 7 (07/01/90 to 05/05/95)
in Philadelphia, Pennsylvania. As an environmental engineer, her
work station was at the DoD/DLA field activity that was known as
the Defense Personnel Support Center ("DPSC") located at 2800 So.
20th. Street, Philadelphia, Pennsylvania. DPSC no longer exists;
it was closed by BRAC 1993 and BRAC 1995.

a.   In May 2006 Diaconu was diagnosed with cancer, which
makes this Notice to be timely made, and the class action toxic
tort to be timely filed on or soon after June, 12, 2007.

b.   While in sick leave (02/08/95 to 04/06/95) (i) in
retaliation for her whistleblowing activity (1990 to 1995); (ii)
for refusing to provide false and misleading informations during
the closure of the DPSC's activities required by BRAC 1993; (iv)
in order to silence her and (v) in retaliation for Mr. Anthony J.
McKnight, Esq. of Philadelphia, PA filing on Diaconu's behalf on

1

04/24/95 a workers compensation claim for injury, upon her return to work on 04/06/95 Diaconu had her employment terminated effective 05/05/95.

c.   As more fully stated bellow, Diaconu's claims in this action are typical of the claims of each member of the class identified bellow. Plaintiff fairly and adequately will represent the interest of the class as a whole.

MEMBERS OF THE CLASS. The class consists of the following DoD employees (including Diaconu) who worked at DPSC in Philadelphia, Pennsylvania and were, some still are, residents of the Commonwealth of Pennsylvania, State of New Jersey, State of Delaware and/or State of Maryland. At any given time during the 1 January 1990 to 1 January 1998 period the members of the class work station was in B-13, B-9, B-6, W-1, W-2, W-3, W-3, W-4, W-5 (demolished in 1992), B-26, B-20, B-51; all Environmental and Fire Protection Division personnel GS-11 and bellow; all security and maintenance shops personnel: carpentry, electrical, painting, roads & grounds whose routine work in any given day (including weekends) entered and spent at least 15 minutes per occurance in the buildings I have just cited.

EXCLUDED FROM THE CLASS with no exception, are ALL employees that had full knowledge of and refused to inform Diaconu and the members of the class that the DoD's Philadelphia facility (DPSC) located at 2800 So. 20th. Street it was a cesspool of contamination caused by an illegal chemical plant and by the hazardous chemicals and materials they were working with. Excluded from the class are: (i) all military personnel regardless of rank and the location of their work station. (   All civilians: deputy commander, directors, deputy directors, chief divisions, deputies and assisstant chief divisions, chief facility engineering division and its deputy, supervisors GS 12 and above and/or equivalent. (iii) All civilian employees working for the Office of Counsel and the Equal Employment Office. (iv) All Environmental and Fire Protection Division civilian employees GS-12, equivalent and above. (v) Excluded are ALL employees, regardless of the

grade and title who worked in the Health and Safety Office from 1970 to 1998. In order to protect the management these employees routinely provided investigators, administrative judges during the hearings, to the U.S. Labor Department and to auditors misleading and innacurate informations about the condition of the facility. (vi) EXCLUDED FROM THE CLASS ARE ALL EMPLOYEES, regardless of their grade and title at the time, who LIED AND LIED BY OMISSION IN WRITING (Declaration, affidavit) AND/OR UNDER OATH DURING ANY CIVIL PROCEDURES that took place before the U.S. District Court For The Eastern District Of Pennsylvania, before the U.S. Department Of Labor-Federal Workers Compensation Claim Division, before EEOC and before MSPB hearings during the 1990 to 2006 period.

**U.S. DEPARTMENT OF DEFENSE ("DoD").** " The Department is the agency with the duty and authority to administer and enforce the Clean Act Streams Law, Act of June 22, 1937, P.L. 1987, as amended, 35 P.S. 691.1-691.1001 ("Cleam Streams Law"); The Land Recycling and Environmental Remediation Standards Act, Act of May 19, 1996, 35 P.S. 6026.101 et seq. ("Land Recycling Act"); The Solid Waste Management Act , Act of July 7, 1980 (P.L. 380, No. 97), as amended, 35 P.S. 6018.101 et seq.; The Storage Tank and Spill Prevention Act, Act of August 7, 1989, P.L. 1989, No. 32, as amended, 35 P.S. 6021.101 et seq. ("Tank Act"); Section 1917-A of the Administrative Code of 1929."- page 2 para. # 4 of <u>DLA et al. v. PaDEP EHB No. 2000-004-MG</u>. As pertains to the instant NOTICE, DoD is also the Department with the duty and authority to administer and to enforce the Consumer Product Safety Act, 15 USC 2055 et al; Consumer Product Safety Act 15 USC 2058 et al; the U.S. Department Of Labor's Communications Standards; 15 USC 2603 (6) and (8); 7 USC 136 (a); 29 CFR 1910.1200; 15 USC 2055 Chapters 21, 30 and 51; 18 USC 101 et al.

Pursuant <u>BLUE v. DLA CLASS ACTION No. 04-02210 (E.D. Pa.)</u>; <u>DIACONU v. DLA No. 03-03405 (E.D. Pa.)</u>; <u>DIACONU v. DLA No. 96-0214 (E.D. Pa.)</u>; <u>ADAMS v. DLA No. 95-08088 (E.D. Pa.)</u>; <u>ADDANKI v. DLA No. 95-0696 (E.D. Pa.)</u>; <u>DIACONU v. DLA No. 94-07273 (E.D. Pa.)</u>; <u>HATTENBA v. DLA No. 93-6620 (E.D. Pa.)</u>; <u>DAVIS v. DLA No. 93-3242</u>

(E.D. Pa.); CUFFEE v. DLA No. 93-02731 (E.D. Pa.); CUFFEE v. DLA
No. 93-0268 (E.D. Pa.); SPENCE v. DLA No. 92-3713 (E.D. Pa.);
BTOOKS v. DLA No. 90-5660 (E.D. Pa.); BENDER v. DLA No. 90-0858
(E.D. Pa.) the E.D. Pa.'s presiding judges have ruled that only
DoD was the correct defendant on each individual case and NOT
DLA. At the request of and under the pressure from the U.S.
Attorney's Office Philadelphia each case was dismissed instead of
sending each case back to DoD for their review and the actual
"agency's final decision". On appeal, the 3rd. Circuit upheld the
lower court's finding that DoD was the correct and the only
defendant despite the fact that the "final decision" on each
cited case it was made at best by the field activity's Deputy
Commander, e.g. ADDANKI et supra. and at worst, by the plaintiff's
second level supervisor, e.g. DIACONU v. DLA No. 96-0214 and not
even by the Commander of the field activity.

THEREFORE, based on the E.D. Pa.'s decisions rendered during
the 1990 to 2006 period and upheld by the 3rd. Circuit, DoD is
the only defendant on the instant class action toxic tort
complaint I am about to file.

**U.S. ENVIRONMENTAL PROTECTION AGENCY ("EPA")** is a civilian
federal government agency established under the laws of the
United States of America and has its principal place of business
in Washington, DC. EPA had the mandated obligation and the
authority to enforce all the federally mandated environmental
laws and regulations.

## STATEMENT OF THE FACTS

It should be understood from the beginning that, while it
stems from the same background, this new complaint I am about to
file in the U.S. District Court For The District Of Columbia is
separate from DIACONU & BUTLER v. DLA & EPA TOXIC TORT CLASS
ACTION No.98-06533 E.D. Pa. (Weiner, J.)-dismissed by the late
Hon. C. Weiner, Judge. At the time he dismissed DIACONU et supra.
Judge Weiner was very old, very ill, under treatement and
medication, unable to make a rational decision based on the real
evidences provided by the plaintiffs, pro se and by the members

4

of the class. Recognizing judge Weiner's mental, emotional and physical total deterioration the result of which he committed several judicial errors, on appeal, the 3rd. Circuit: (1) has tried to settle the case through mediation. Although during the mediation both, Diaconu and Butler, has provided medical reports showing causation of their medical condition to the exposure to the ultrahazardous chemicals and materials they handled and/or have been exposed to while working at DoD's field activity located at 2800 So. 20th. Street in Philadelphia, Pennsylvania, the U.S. Attorney's Office Philadelphia refused to settle the case neither individually nor as a class. (2) The 3rd. Circuit remanded Butler's portion of the complaint back to the lower court. Judge Weiner died before he could review and rule on Butler's complaint. As of today, E.D. Pa. still has to address Butler's issue. The U.S. Supreme Court declined to review DIACONU, pro se, plaintiff/class agent's appeal.

Diagnosed with cancer on May 2006, Diaconu immediately filed a motion to reopen DIACONU et supra. Ignoring the fact that Diaconu has just been diagnosed with cancer, therefore she could not have predicted in 1995 nor in 1998 that she will develop cancer, again, at the request of the U.S. Attorney's Office (who by now call themselves "the United States" and by implying threaten Diaconu, a naturalizen citizen, with deportation) in January 2007 Diaconu's motion to reopen DIACONU et supra. was denied by the new judge, the Hon. Louis H. Pollak (also very old and ill). Relying on WACHOVIA BANK, N.A. v. SCHMIDT U.S. Supreme Court (04-1186 ), on 03/06/07 Diaconu filed a 2nd.motion for change in venue of DIACONU et. supra. from the E.D. Pa. to the U.S. District Court For The District Of Columbia. The outcome of Diaconu's 03/06/07 motion is totally irrelevant to the case I am about to file because: (1) the new case derives from being diagnosed with cancer on May 2006. (2) The new case applies to the members of the class who during the fiscal year 2006 have been diagnozed with illnesses traced to their exposure to ultrahazardous chemicals and/or materials while working in south

5

Philadelphia. (3) With respect to Diaconu, DIACONU et supra is about her irreversible total and permanent neurological disability she learned about it in January 1997 and about other health issues dated 1998. (4) With respect to the members of the class, DIACONU et supra. is about the cancer and other striken illnesses they discovered to have had as a result of working at DoD's field facility located at 2800 So. 20th. Street, Philadelphia Pa. Many of the 1998 members of the class are dead (I personally know of at least 10). It will make not a scintilla of difference if the change in venue is approved or not because: IF APPROVED, I will still file the new complaint and later I will amend it to include DIACONU et supra. IF DENIED, (i) it will better support the members of the class and my personal assertion that because of their mental, emotional and physical irreversible deterioration the E.D. Pa.'s judges assigned to the pro se cases filed against DLA, a DoD component activity, are not capable to make a rational decision. |NOTE: WOULD YOU GO TO A 70-80 YEAR OLD DOCTOR TO EVALUATE YOUR HEALTH, OR TO ACTUALLY PERFORME A SURGERY TO YOU OR TO ANYONE CLOSE TO YOU ? WOULD YOU ALLOW A 70-80 YEAR OLD ANESTHETIST TO ACTUALLY PREPARE YOU FOR SURGERY ? IF YOUR ANSWER IS YES, YOU BETTER BE PREPARED TO PROVE IT ! IF YOUR ANSWER IS NO, then, I rest my case !| (ii) Even if denied, sometimes later I will amend the new complaint to include all the health issues identified on the 1998 case. I have enough evidence to overcome any claim of res judicata and/or any time limitation. In addition, now that I reviewed every motion filed by the U.S. Attorney's Office Philadelphia on every case I filed so far against DLA, I realized that they are a "gold mine" from where I can draw to support my case.

UNDISPUTED FACTS.

1. While BRAC 1993 closed all DoD's illegal and ultrahazardous activities in South Philadelphia, it was the BRAC 1995 that actually closed the base, created a new identity and moved it to another location in northeast Philadelphia.

2. On December 10, 1999, while the base in south Philadelphia

was empty, PADEP issued an ENFORCEMENT ORDER ("ORDER") against
DLA/DPSC finding them liable for the condition of the facility
they once occupied and operated at 2800 So. 20th. Street Philadelphia,
PA. and where Diaconu and the members of the class used to work.
On 10/05/2000 DLA appealed the ORDER only to loose. Then, on
01/22/2001 DLA appealed again the ORDER before the ENVIRONMENTAL
HEARING BOARD for the Commonwealth of Pennsylvania - DOCKET No.
2000-004-MG only to loose again, the result of which (i) DoD paid
to the City of Philadelphia and to the Philadelphia Housing
Authority almost 100 million dollars in compensation for the
homes, groundwater, soil and air contamination. Conform the
ORDER, (ii) DoD was also forced to "... immediately assume
responsibility for the operation of the portion of the sewer air
collection and filtration.... perform risk assessment as necessary
to monitor the risk to residents, workers ... within the Affected
Area during the remedial phase..." and so on. All the buildings
but two have been demolished because were considered not cost
effective nor feasible to be remediated.

3. While DIACONU et supra went unsuccessfully through the
U.S. Court's system to held DLA liable for the deaths and for the
irreversibble health conditions among its employees, while the
U.S. Attorney's Office Philadelphia pressured the E.D. Pa. to
dismiss the case, refused to reach a settlement agreement with
Diaconu, Butler and the members of the class, and pressured the
3rd. Circuit to dismiss Diaconu and the class, PADEP all along
has held DLA liable on the same ground Diaconu, Butler and the
members of the class was seeking relief. In fact a closer look at
its final order, even the 3rd. Circuit recognized that Diaconu
also had a stand on the case but, because she was acting as a
class agent her individual claim was dismissed.

4. On May 2006 I was diagnosed with having cancer.

5. On January 10, 1997 I learned that retroactive to December
2005 the U.S. Social Security Administration has found me to be
totally and permanently disabled.

6. In 2001 my irreversible neurological condition and other

7

health problems have been medically traced to be caused by my exposure to the same conditions for which in 1999 PADEP found DLA/DPSC to be liable the result of which and has paid off almost 100 million dollars to the City Of Philadelphia and to the Philadelphia Housing Authority.

   7. <u>DLA/DPSC knew at least since the first quarter of FY 1995</u> that sooner rather than later I will become totally and permanently disable yet, never informed me about it. Instead of placing me in disability leave, they fired me.

   8. DoD had the fiduciary duty to protect the health of its civilian employees in mod particular when it has known at least since 1972 that (i) the use of DDT was illegal; (ii) it has known that in Philadelphia it has operated an illegal, unregistered, not even approved by U.S. Congress, chemical plant.

   9. It took DoD over 20 years (i) to admit of using agent orange during the Vietnam and (ii) to admit that some of the neurological/health conditions of those exposed to agent orange at all times was actually caused by the agent orange and to compensate them. It took the U.S. Department of Energy over 20 years to admit and to compensate the civillian employees working at the Rocky-Flats (?!), Colorado, for their exposure to radiation and other hazardous conditions. IT IS TIME FOR DOD TO ADMIT AND TO COMPENSATE THE CIVILIAN EMPLOYEES that worked at 2800 So. 20th. Street, Philadelphia, Pa. for their exposure to ultrahazardous chemicals, materials and working condition.

   10. EVEN MY PD FOR GS 0819-11 ENVIRONMENTAL ENGINEER POSITION SPECIFICALLY STATED THAT I WAS NOT EXPOSED TO (ULTRA)HAZARDOUS CHEMICALS AND/OR MATERIALS.

   10. EPA is equally liable for my cancer, for my neurological irreversible condition and for other irreversible health damages I have and the members of the class have and for the death of many of the members of the class. (i) EPA never requested from DLA to conduct a health risk assessment for its employees even after has issued several NOVs. (ii) EPA never informed neither OSHA nor the U.S. Department of Labor Workers Compensation

Division about DLA's field activity once located at 2800 So. 20th. Street, Philadelphia being a cesspool of highly hazatdous chemicals and that it was operating an illegal/unlicensed chemical plant. (iii) Calls made to the EPA by myself seeking their assistance/guidance and calls made to the EPA by other DLA civilian employees were either totally ignored or treated as calls made by disgruntled employees.

As stated at the beginning of this NOTICE, you have until June 12, 2007 to convince me and the members of the class why I/we shouldn't file a new and improved/up-to-date class action toxic tort complaint against you. Should you select not to respond to the instant NOTICE, that it will also suit me just fine ! I WILL RESPOND TO ANY WRITTEN AND IN GOOD FAITH QUESTION YOU MAY HAVE ONLY AND IF the request comes directly from DoD/ Pentagon or from EPA Washington DC. DO NOT DELEGATE neither DLA or DSCP, nor EPA Philadelphia or anyone from the U.S. Department of Justice, NO EXCEPTION !

Respectfully submitted,

EUFROSINA DIACONU

03-13-07

DISTRIBUTION with individual cover letter:

1. By overnight Express Mail EB 150012066 US
U.S. Department of Defense
ATTN.: Mr. **William J. Haynes,**
          General Counsel.
     Office of General Counsel
1600 Defense Pentagon
Washington DC 20301

2. By overnight Express Mail EB 462571159 US
U.S. Environmental Protection Agency
ATTN.: The Hon. **STEVE JOHNSON,**
          EPA Administrator.
Ariel Rios Bldg.
1200 Pennsylvania Ave, NW
Washington DC 20460

9

**EUFROSINA DIACONU**
533 East Luray Street
Philadelphia, PA 19120

**RE:** NOTICE OF INTENT TO FILE A TOXIC TORT CLASS ACTION COMPLAINT
IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

U.S. ENVIRONMENTAL PROTECTION AGENCY
ATTN.: The Hon. **STEVE JOHNSON,**
            EPA Administrator.
Ariel Rios Bldg.
1200 Pennsylvania Ave., NW
Washington DC 20460                        March 13, 2007

**BY OVERNIGHT EXPRESS MAIL EB 462571159 US**

    Dear Mr. Johnson,

    I take no pleasure in informing you that on or immediately
after June 12, 2007 I will file against you as the EPA Adminstrator
and against the U.S. Environmental Protection Agency, Washington
DC a toxic tort class action complaint.

    Required by law, as ENCLOSURE, I am serving you with the
referenced notice.

    If you have any and in good faith question regarding this
matter, please, feel free to put it in writing; I will make every
effort to answer to any question you may have. However, as stated
in the last paragraph of the ENCLOSURE, I WILL NOT entertain any
dialog with anyone from the EPA Region III-Philadelphia , nor
with anyone from the U.S. Department of Justice.

                    Sincerely yours,

Encl.            EUFROSINA DIACONU

**EUFROSINA DIACONU**
533 East LuLay StLeet
Philadelphia, PA 19120

**NOTICE OF INTENT TO FILE A CLASS ACTION TOXIC TORT COMPLAINT**

TO:    SEE DISTRIBUTION

You are hereby notified that on or immediately after
**June 12, 2007** (90 calendar days from the date I am serving you
with this notice) I, EUFROSINA DIACONU, as plaintiff and class
agent, will file against you a class action toxic tort in the
U.S. District Court For The District Court Of Columbia. The
District Court Of Columbia is the correct venue on the ground
that, having your main office in Washington DC, you are a
resident of the District Of Columbia.

<b>PARTIES</b>

EUFROSINA DIACONU, a white female, 65 years old naturalized
citizen, worked for the Department of Defense ("DoD") at its
component's field activity Defense Logistics Agency ("DLA") from
August 26, 1985 until May 05, 1995. At first as a civil engineer
technician (08/26/85 to 07/01/90) in Alameda, California and as
an environmental engineer GS 0819-11 Step 7 (07/01/90 to 05/05/95)
in Philadelphia, Pennsylvania. As an environmental engineer, her
work station was at the DoD/DLA field activity that was known as
the Defense Personnel Support Center ("DPSC") located at 2800 So.
20th. Street, Philadelphia, Pennsylvania. DPSC no longer exists;
it was closed by BRAC 1993 and BRAC 1995.

a.    In May 2006 Diaconu was diagnosed with cancer, which
makes this Notice to be timely made, and the class action toxic
tort to be timely filed on or soon after June, 12, 2007.

b.    While in sick leave (02/08/95 to 04/06/95) (i) in
retaliation for her whistleblowing activity (1990 to 1995); (ii)
for refusing to provide false and misleading informations during
the closure of the DPSC's activities required by BRAC 1993; (iv)
in order to silence her and (v) in retaliation for Mr. Anthony J.
McKnight, Esq. of Philadelphia, PA filing on Diaconu's behalf on

1

04/24/95 a workers compensation claim for injury, upon her return to work on 04/06/95 Diaconu had her employment terminated effective 05/05/95.

c. As more fully stated bellow, Diaconu's claims in this action are typical of the claims of each member of the class identified bellow. Plaintiff fairly and adequately will represent the interest of the class as a whole.

MEMBERS OF THE CLASS. The class consists of the following DoD employees (including Diaconu) who worked at DPSC in Philadelphia, Pennsylvania and were, some still are, residents of the Commonwealth of Pennsylvania, State of New Jersey, State of Delaware and/or State of Maryland. At any given time during the 1 January 1990 to 1 January 1998 period the members of the class work station was in B-13, B-9, B-6, W-1, W-2, W-3, W-3, W-4, W-5 (demolished in 1992), B-26, B-20, B-51; all Environmental and Fire Protection Division personnel GS-11 and bellow; all security and maintenance shops personnel: carpentry, electrical, painting, roads & grounds whose routine work in any given day (including weekends) entered and spent at least 15 minutes per occurance in the buildings I have just cited.

EXCLUDED FROM THE CLASS with no exception, are ALL employees that had full knowledge of and refused to inform Diaconu and the members of the class that the DoD's Philadelphia facility (DPSC) located at 2800 So. 20th. Street it was a cesspool of contamination caused by an illegal chemical plant and by the hazardous chemicals and materials they were working with. Excluded from the class are: (i) all military personnel regardless of rank and the location of their work station. (    All civilians: deputy commander, directors, deputy directors, chief divisions, deputies and assisstant chief divisions, chief facility engineering division and its deputy, supervisors GS 12 and above and/or equivalent. (iii) All civilian employees working for the Office of Counsel and the Equal Employment Office. (iv) All Environmental and Fire Protection Division civilian employees GS-12, equivalent and above. (v) Excluded are ALL employees, regardless of the

2

grade and title who worked in the Health and Safety Office from 1970 to 1998. In order to protect the management these employees routinely provided investigators, administrative judges during the hearings, to the U.S. Labor Department and to auditors misleading and innacurate informations about the condition of the facility. (vi) EXCLUDED FROM THE CLASS ARE ALL EMPLOYEES, regardless of their grade and title at the time, who LIED AND LIED BY OMISSION IN WRITING (Declaration, affidavit) AND/OR UNDER OATH DURING ANY CIVIL PROCEDURES that took place before the U.S. District Court For The Eastern District Of Pennsylvania, before the U.S. Department Of Labor-Federal Workers Compensation Claim Division, before EEOC and before MSPB hearings during the 1990 to 2006 period.

**U.S. DEPARTMENT OF DEFENSE ("DoD").** " The Department is the agency with the duty and authority to administer and enforce the Clean Act Streams Law, Act of June 22, 1937, P.L. 1987, as amended, 35 P.S. 691.1-691.1001 ("Cleam Streams Law"); The Land Recycling and Environmental Remediation Standards Act, Act of May 19, 1996, 35 P.S. 6026.101 et seq. ("Land Recycling Act"); The Solid Waste Management Act , Act of July 7, 1980 (P.L. 380, No. 97), as amended, 35 P.S. 6018.101 et seq.; The Storage Tank and Spill Prevention Act, Act of August 7, 1989, P.L. 1989, No. 32, as amended, 35 P.S. 6021.101 et seq. ("Tank Act"); Section 1917-A of the Administrative Code of 1929."- page 2 para. # 4 of <u>DLA et al. v. PaDEP EHB No. 2000-004-MG</u>. As pertains to the instant NOTICE, DoD is also the Department with the duty and authority to administer and to enforce the Consumer Product Safety Act, 15 USC 2055 et al; Consumer Product Safety Act 15 USC 2058 et al; the U.S. Department Of Labor's Communications Standards; 15 USC 2603 (6) and (8); 7 USC 136 (a); 29 CFR 1910.1200; 15 USC 2055 Chapters 21, 30 and 51; 18 USC 101 et al.

Pursuant <u>BLUE v. DLA CLASS ACTION No. 04-02210 (E.D. Pa.);</u> <u>DIACONU v. DLA No. 03-03405 (E.D. Pa.); DIACONU v. DLA No.96-0214</u> <u>(E.D. Pa.); ADAMS v. DLA No. 95-08088 (E.D. Pa.); ADDANKI v. DLA</u> <u>No. 95-0696 (E.D. Pa.); DIACONU v. DLA No. 94-07273 (E.D. Pa.);</u> <u>HATTENBA v. DLA No. 93-6620 (E.D. Pa.); DAVIS v. DLA No. 93-3242</u>

(E.D. Pa.); CUFFEE v. DLA No. 93-02731 (E.D. Pa.); CUFFEE v. DLA
No. 93-0268 (E.D. Pa.); SPENCE v. DLA No. 92-3713 (E.D. Pa.);
BTOOKS v. DLA No. 90-5660 (E.D. Pa.); BENDER v. DLA No. 90-0858
(E.D. Pa.) the E.D. Pa.'s presiding judges have ruled that only
DoD was the correct defendant on each individual case and NOT
DLA. At the request of and under the pressure from the U.S.
Attorney's Office Philadelphia each case was dismissed instead of
sending each case back to DoD for their review and the actual
"agency's final decision". On appeal, the 3rd. Circuit upheld the
lower court's finding that DoD was the correct and the only
defendant despite the fact that the "final decision" on each
cited case it was made at best by the field activity's Deputy
Commander, e.g. ADDANKI et supra. and at worst, by the plaintiff's
second level supervisor, e.g. DIACONU v. DLA No. 96-0214 and not
even by the Commander of the field activity.

   THEREFORE, based on the E.D. Pa.'s decisions rendered during
the 1990 to 2006 period and upheld by the 3rd. Circuit, DoD is
the only defendant on the instant class action toxic tort
complaint I am about to file.

**U.S. ENVIRONMENTAL PROTECTION AGENCY ("EPA")** is a civilian
federal government agency established under the laws of the
United States of America and has its principal place of business
in Washington, DC. EPA had the mandated obligation and the
authority to enforce all the federally mandated environmental
laws and regulations.

## STATEMENT OF THE FACTS

   It should be understood from the beginning that, while it
stems from the same background, this new complaint I am about to
file in the U.S. District Court For The District Of Columbia is
separate from DIACONU & BUTLER v. DLA & EPA TOXIC TORT CLASS
ACTION No.98-06533 E.D. Pa. (Weiner, J.)-dismissed by the late
Hon. C. Weiner, Judge. At the time he dismissed DIACONU et supra.
Judge Weiner was very old, very ill, under treatement and
medication, unable to make a rational decision based on the real
evidences provided by the plaintiffs, pro se and by the members

4

of the class. Recognizing judge Weiner's mental, emotional and physical total deterioration the result of which he committed several judicial errors, on appeal, the 3rd. Circuit: (1) has tried to settle the case through mediation. Although during the mediation both, Diaconu and Butler, has provided medical reports showing causation of their medical condition to the exposure to the ultrahazardous chemicals and materials they handled and/or have been exposed to while working at DoD's field activity located at 2800 So. 20th. Street in Philadelphia, Pennsylvania, the U.S. Attorney's Office Philadelphia refused to settle the case neither individually nor as a class. (2) The 3rd. Circuit remanded Butler's portion of the complaint back to the lower court. Judge Weiner died before he could review and rule on Butler's complaint. As of today, E.D. Pa. still has to address Butler's issue. The U.S. Supreme Court declined to review DIACONU, pro se, plaintiff/class agent's appeal.

Diagnosed with cancer on May 2006, Diaconu immediately filed a motion to reopen DIACONU et supra. Ignoring the fact that Diaconu has just been diagnosed with cancer, therefore she could not have predicted in 1995 nor in 1998 that she will develop cancer, again, at the request of the U.S. Attorney's Office (who by now call themselves "the United States" and by implying threaten Diaconu, a naturalizen citizen, with deportation) in January 2007 Diaconu's motion to reopen DIACONU et supra. was denied by the new judge, the Hon. Louis H. Pollak (also very old and ill). Relying on WACHOVIA BANK, N.A. v. SCHMIDT U.S. Supreme Court (04-1186 ), on 03/06/07 Diaconu filed a 2nd.motion for change in venue of DIACONU et. supra. from the E.D. Pa. to the U.S. District Court For The District Of Columbia. The outcome of Diaconu's 03/06/07 motion is totally irrelevant to the case I am about to file because: (1) the new case derives from being diagnosed with cancer on May 2006. (2) The new case applies to the members of the class who during the fiscal year 2006 have been diagnozed with illnesses traced to their exposure to ultrahazardous chemicals and/or materials while working in south

5

Philadelphia. (3) With respect to Diaconu, DIACONU et supra is
about her irreversible total and permanent neurological disability
she learned about it in January 1997 and about other health
issues dated 1998. (4) With respect to the members of the class,
DIACONU et supra. is about the cancer and other striken illnesses
they discovered to have had as a result of working at DoD's field
facility located at 2800 So. 20th. Street, Philadelphia Pa. Many
of the 1998 members of the class are dead (I personally know of
at least 10). It will make not a scintilla of difference if the
change in venue is approved or not because: IF APPROVED, I will
still file the new complaint and later I will amend it to include
DIACONU et supra. IF DENIED, (i) it will better support the
members of the class and my personal assertion that because of
their mental, emotional and physical irreversible deterioration
the E.D. Pa.'s judges assigned to the pro se cases filed against
DLA, a DoD component activity, are not capable to make a rational
decision. |NOTE: WOULD YOU GO TO A 70-80 YEAR OLD DOCTOR TO
EVALUATE YOUR HEALTH, OR TO ACTUALLY PERFORME A SURGERY TO YOU OR
TO ANYONE CLOSE TO YOU ? WOULD YOU ALLOW A 70-80 YEAR OLD
ANESTHETIST TO ACTUALLY PREPARE YOU FOR SURGERY ? IF YOUR ANSWER
IS YES, YOU BETTER BE PREPARED TO PROVE IT ! IF YOUR ANSWER IS
NO, then, I rest my case !| (ii) Even if denied, sometimes later
I will amend the new complaint to include all the health issues
identified on the 1998 case. I have enough evidence to overcome
any claim of res judicata and/or any time limitation. In addition,
now that I reviewed every motion filed by the U.S. Attorney's
Office Philadelphia on every case I filed so far against DLA, I
realized that they are a "gold mine" from where I can draw to
support my case.

    UNDISPUTED FACTS.

    1. While BRAC 1993 closed all DoD's illegal and ultrahazardous
activities in South Philadelphia, it was the BRAC 1995 that
actually closed the base, created a new identity and moved it to
another location in northeast Philadelphia.

    2. On December 10, 1999, while the base in south Philadelphia

was empty, PADEP issued an ENFORCEMENT ORDER ("ORDER") against DLA/DPSC finding them liable for the condition of the facility they once occupied and operated at 2800 So. 20th. Street Philadelphia, PA. and where Diaconu and the members of the class used to work. On 10/05/2000 DLA appealed the ORDER only to loose. Then, on 01/22/2001 DLA appealed again the ORDER before the ENVIRONMENTAL HEARING BOARD for the Commonwealth of Pennsylvania - DOCKET No. 2000-004-MG only to loose again, the result of which (i) DoD paid to the City of Philadelphia and to the Philadelphia Housing Authority almost 100 million dollars in compensation for the homes, groundwater, soil and air contamination. Conform the ORDER, (ii) DoD was also forced to "... immediately assume responsibility for the operation of the portion of the sewer air collection and filtration.... perform risk assessment as necessary to monitor the risk to residents, workers ... within the Affected Area during the remedial phase..." and so on. All the buildings but two have been demolished because were considered not cost effective nor feasible to be remediated.

3. While DIACONU et supra went unsuccessfully through the U.S. Court's system to held DLA liable for the deaths and for the irreversibble health conditions among its employees, while the U.S. Attorney's Office Philadelphia pressured the E.D. Pa. to dismiss the case, refused to reach a settlement agreement with Diaconu, Butler and the members of the class, and pressured the 3rd. Circuit to dismiss Diaconu and the class, PADEP all along has held DLA liable on the same ground Diaconu, Butler and the members of the class was seeking relief. In fact a closer look at its final order, even the 3rd. Circuit recognized that Diaconu also had a stand on the case but, because she was acting as a class agent her individual claim was dismissed.

4. On May 2006 I was diagnosed with having cancer.

5. On January 10, 1997 I learned that retroactive to December 2005 the U.S. Social Security Administration has found me to be totally and permanently disabled.

6. In 2001 my irreversible neurological condition and other

7

health problems have been medically traced to be caused by my exposure to the same conditions for which in 1999 PADEP found DLA/DPSC to be liable the result of which and has paid off almost 100 million dollars to the City Of Philadelphia and to the Philadelphia Housing Authority.

7. <u>DLA/DPSC knew at least since the first quarter of FY 1995</u> that sooner rather than later I will become totally and permanently disable yet, never informed me about it. Instead of placing me in disability leave, they fired me.

8. DoD had the fiduciary duty to protect the health of its civilian employees in mod particular when it has known at least since 1972 that (i) the use of DDT was illegal; (ii) it has known that in Philadelphia it has operated an illegal, unregistered, not even approved by U.S. Congress, chemical plant.

9. It took DoD over 20 years (i) to admit of using agent orange during the Vietnam and (ii) to admit that some of the neurological/health conditions of those exposed to agent orange at all times was actually caused by the agent orange and to compensate them. It took the U.S. Department of Energy over 20 years to admit and to compensate the civillian employees working at the Rocky-Flats (?!), Colorado, for their exposure to radiation and other hazardous conditions. IT IS TIME FOR DOD TO ADMIT AND TO COMPENSATE THE CIVILIAN EMPLOYEES that worked at 2800 So. 20th. Street, Philadelphia, Pa. for their exposure to ultrahazardous chemicals, materials and working condition.

10. EVEN MY PD FOR GS 0819-11 ENVIRONMENTAL ENGINEER POSITION SPECIFICALLY STATED THAT I WAS NOT EXPOSED TO (ULTRA)HAZARDOUS CHEMICALS AND/OR MATERIALS.

10. EPA is equally liable for my cancer, for my neurological irreversible condition and for other irreversible health damages I have and the members of the class have and for the death of many of the members of the class. (i) EPA never requested from DLA to conduct a health risk assessment for its employees even after has issued several NOVs. (ii) EPA never informed neither OSHA nor the U.S. Department of Labor Workers Compensation

Division about DLA's field activity once located at 2800 So. 20th. Street, Philadelphia being a cesspool of highly hazardous chemicals and that it was operating an illegal/unlicensed chemical plant. (iii) Calls made to the EPA by myself seeking their assistance/guidance and calls made to the EPA by other DLA civilian employees were either totally ignored or treated as calls made by disgruntled employees.

As stated at the beginning of this NOTICE, you have until June 12, 2007 to convince me and the members of the class why I/we shouldn't file a new and improved/up-to-date class action toxic tort complaint against you. Should you select not to respond to the instant NOTICE, that it will also suit me just fine ! I WILL RESPOND TO ANY WRITTEN AND IN GOOD FAITH QUESTION YOU MAY HAVE ONLY AND IF the request comes directly from DoD/ Pentagon or from EPA Washington DC. <u>DO NOT DELEGATE</u> neither DLA or DSCP, nor EPA Philadelphia or anyone from the U.S. Department of Justice, NO EXCEPTION !

Respectfully submitted,

EUFROSINA DIACONU

03-13-07

<u>DISTRIBUTION</u> with individual cover letter:

1. By overnight Express Mail EB 150012066 US
   U.S. Department of Defense
   ATTN.: Mr. **William J. Haynes**,
              General Counsel.
         Office of General Counsel
   1600 Defense Pentagon
   Washington DC 20301

2. By overnight Express Mail EB 462571159 US
   U.S. Environmental Protection Agency
   ATTN.: The Hon. **STEVE JOHNSON,**
                  EPA Administrator.
   Ariel Rios Bldg.
   1200 Pennsylvania Ave, NW
   Washington DC 20460