UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DIACONU EUFROSINA, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
|  | ) | Civ. No. 07-1358 (EGS) |
| v. | ) | |
|  | ) | |
| ROBERT GATES, et al., | ) | |
|  | ) | |
| Defendants. | ) | |
|  | ) | |

### ORDER

Pending before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction, Plaintiff's Motion to Appoint Counsel, Plaintiff's Motion to Admit the Class, and Plaintiff's Motion For Continuation. From the face of the Complaint, the Court determines that this Court is not the proper venue for this action and will therefore transfer it to the Eastern District of Pennsylvania.

Plaintiff is proceeding *pro se*. The pleadings of *pro se* parties "[are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(internal quotation marks and citations omitted). Nonetheless, "[a]lthough a court will read *a pro se* plaintiff's complaint liberally, a *pro se* complaint, [no less than any other complaint], must present a claim on which the

Court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 665 F.2d 1305, 1308 (D.C. Cir. 1981)); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) (stating that the Supreme Court "[has] never suggested that procedural rules in ordinary civil litigation should be interpreted as to [wholly] excuse mistakes by those who proceed without counsel") (footnote omitted).

Plaintiff has styled her case as a "toxic tort class action" against the Department of Defense ("DOD"), the Environmental Protection Agency ("EPA"), Secretary of Defense Robert Gates and EPA Administrator Steven Johnson. Her claims stem from her employment with the DOD's Defense Logistics Agency and her alleged exposure to toxic chemicals from 1990 to 1995. Plaintiff has brought several related cases in the Eastern District of Pennsylvania which were ultimately dismissed on statute of limitations grounds. See *Diaconu v. Defense Logistics Agency*, 2007 WL 966506 (E.D. Pa., March 27, 2007); *Diaconu v. Department of Defense*, Civil Action No. 03-3405 (E.D. Pa., Nov. 14, 2005). In his most recent opinion, Judge Pollack expressly informed the Plaintiff that she can file a new lawsuit based on her recently diagnosed cancer. See *Diaconu*, 2007 WL 966506 at *5. Plaintiff has interpreted this directive as "approval from the U.S. District Court for the Eastern District of Pennsylvania to file the instant case in THIS Court." Compl. ¶ 8 (emphasis in

original).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for non-maritime tort claims against the United States. 28 U.S.C. § 2674. Under the FTCA, the United States shall be liable in the same manner and to the same extent as a private individual under like circumstances. *Id.* Federal Courts have exclusive jurisdiction over civil actions against the United States for money damages for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). Any civil action on a tort claim against the United States under § 1346(b) "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402.

Though Plaintiff has not cited the FTCA in her complaint, she brings multiple tort claims against the DOD, the EPA, Secretary Gates, and Administrator Johnson and seeks relief via money damages. Accordingly, the Court will construe Plaintiff's complaint as an FTCA action against the United States. Because Plaintiff resides in Philadelphia and the acts and omissions complained of also occurred in Philadelphia, it is evident from the face of the complaint that venue is improper in this Court. *See* 28 U.S.C. § 1402.

3

Defendant argues that this Court should not transfer this case to the Eastern District of Philadelphia but should instead dismiss it because Plaintiff has failed to exhaust her administrative remedies under the FTCA. Plaintiff has not responded to Defendant's argument on this point because she has asked the Court to appoint counsel before she is required to file an opposition. *See* Plaintiff's Motion for Continuation at 1. Because Plaintiff is proceeding *pro se* and it appears from the face of the complaint that Plaintiff has filed in the wrong court, the Court will not reach Defendant's exhaustion argument. Rather, the Court will exercise its authority under 28 U.S.C. 1406(a) to transfer this case to the Eastern District of Pennsylvania, the district in which the Plaintiff resides and the conduct complained of occurred, and accordingly, the only district in which the Plaintiff can pursue a tort action against the United States.

Plaintiff also makes a single reference to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) in the jurisdictional section of the Complaint. The *Bivens* doctrine allows constitutional claims against federal officials in their individual capacities for actions taken under color of federal law. However, Plaintiff has not alleged any constitutional violations. Furthermore, even if *Bivens* claims could be read into the Complaint, they would be subject to dismissal for lack

4

of subject matter jurisdiction because Secretary Gates and Administrator Johnston have been sued in their official, as opposed to their individual, capacities, inasmuch as they were not in office during Plaintiff's employment from 1990 to 1995 and Plaintiff demands compensation from their respective agencies rather than from them. *McCloskey v. Mueller*, 446 F.3d 262, 271-72 (1st Cir. 2006) (citing *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000)). Accordingly, even construing Plaintiff's complaint liberally, any possible *Bivens* action is insufficiently pleaded to vest this Court with subject matter jurisdiction in this case.

Therefore, for the reasons articulated herein, this case shall be transferred to the Eastern District of Pennsylvania.

**SO ORDERED.**

Signed:   **Emmet G. Sullivan**
          **United States District Judge**
          **July 3, 2008**